JUDGE HOLWELL    11 CV 0351

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

REBECCA OCASIO,

                                              Plaintiff,

             -against-

THE CITY OF NEW YORK, POLICE OFFICER ADAN
ROSA, POLICE OFFICER JOY CURRENCE, POLICE
OFFICER TAMIKA GROSSETT and POLICE OFFICER
JANE DOES # 1 (names and number of whom are
unknown at present), and other unidentified members of
the New York City Police Department,

                                              Defendants.

-------------------------------------------------------------------- X



11 CV   JAN 1 8 2011
U.S.D.C. S.D. N.Y.
COMPLETED

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

## PRELIMINARY STATEMENT

      1. This is a civil rights action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff, while lawfully present at 655 Pelham Parkway in the County of the Bronx and the State of New York, was subject to the use of excessive force by New York City police officers and was thereafter falsely arrested and maliciously prosecuted by New York City police officers. Plaintiff was deprived of her constitutional and common law rights when the individual defendants unlawfully confined plaintiff, caused the unjustifiable arrest of plaintiff, used excessive force against plaintiff, and maliciously prosecuted plaintiff in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1342 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gave rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

5. Plaintiff Rebecca Ocasio is a citizen of the United States and a resident of the County of Bronx, City and State of New York.

6. Police Officer Adan Rosa is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department.

7. On the date of incident, January 3, 2010, Police Officer Adan Rosa was assigned to the 49th Precinct.

8. Police Officer Adan Rosa is being sued in his individual capacity and official capacity.

9. Police Officer Joy Currence is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department.

10. On the date of incident, January 3, 2010, Police Officer Joy Currence, was assigned to the 49th Precinct.

11. Police Officer Joy Currence is being sued in her individual capacity and official capacity.

12. Police Officer Tamika Grossett is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department.

13. On the date of incident, January 3, 2010, Police Officer Tamika Grossett was assigned to the 49th Precinct.

14. Police Officer Tamika Grossett is being sued in her individual capacity and official capacity.

15. New York City Police Officer Jane Doe # 1 is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department.

16. On the date of incident, January 3, 2010, Police Officer Jane Doe # 1 was assigned to the 49th Precinct.

17. Police Officer Jane Does # 1 is being sued in her individual and official capacities.

18. At all times relevant herein, the individually named police officer defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police

Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

19. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

20. On or about January 3, 2010, plaintiff Rebecca Ocasio's mother's health was failing.

21. On or about January 3, 2010, plaintiff Rebecca Ocasio's mother lived at 655 Pelham Parkway North, County of the Bronx in the State of New York.

22. Plaintiff Rebecca Ocasio's mother lived with plaintiff Rebecca Ocasio's brother, Jeffrey Ocasio.

23. On January 3, 2010 plaintiff Rebecca Ocasio visited her mother at her mother's home.

24. Upon seeing her mother's physical condition, at approximately 10:00 p.m. on January 3, 2010, plaintiff Rebecca Ocasio became concerned that her mother was not being cared for properly and might need medical attention.

25. Plaintiff Rebecca Ocasio called the New York City Police Department for assistance.

26. Two police cars with two police officers in each car responded to plaintiff's mother's home.

27. Plaintiff Rebecca Ocasio met the four police officers, defendants Police Officers Adan Rosa, Joy Currence, Tamika Grossett, and Jane Doe #1, in front of her mother's apartment building.

28. Plaintiff Rebecca Ocasio explained her concerns about her mother's health to the four police officers.

29. Thereafter, plaintiff Rebecca Ocasio walked with the four police officers into her mother's apartment building, and to the front door of her mother's apartment.

30. Upon reaching the front door of her mother's apartment, defendants Police Officers Tamika Grossett and Jane Doe # 1 entered plaintiff's mother's apartment.

31. Plaintiff Rebecca Ocasio waited outside of her mother's apartment with defendant Police Officers Adan Rosa and Joy Currence.

32. While plaintiff was waiting outside of the apartment with defendants Rosa and Currence, Police Officer Currence suddenly and for no apparent reason began jabbing plaintiff with her hand into plaintiff's chest as if she was demonstrating a new police tactic she had just learned.

33. The jabs by Police Officer Currence were done with enough force that they were painful to plaintiff.

34. Plaintiff Rebecca Ocasio politely asked Police Officer Currence to stop jabbing her.

35. Then defendant Police Officer Adan Rosa ordered plaintiff Rebecca Ocasio to take a five to ten minute walk.

36. Immediately thereafter, before plaintiff had a chance to respond to defendant Adan Rosa's order, defendant Police Officer Adan Rosa grabbed plaintiff, asked plaintiff, "Are you resisting police authority," and swept plaintiff's legs out from under her and brought her to the ground, face down.

37. The actions of defendant Police Officer Adan Rosa caused plaintiff to feel as though she was suffocating and also caused pain to plaintiff's person.

38. The force used by defendant Police Officer Adan Rosa against plaintiff was abusive, unnecessary, and unreasonable.

39. One of the defendant police officers who was inside plaintiff's mother's apartment, either defendant Police Officer Tamika Grossett or Police Officer Jane Doe # 1, came out of the apartment and told defendant Adan Rosa to stop using force against plaintiff and to get off of her.

40. Defendant Police Officer Adan Rosa listened to the officer's instructions and got off of plaintiff.

41. At no time did plaintiff Rebecca Ocasio resist the excessive force used by defendant Police Officer Adan Rosa.

42. Prior to the excessive use of force by defendant Police Officer Adan Rosa, plaintiff was extremely polite and accommodating to the police officers.

43. Nevertheless, after defendant Adan Rosa got off of plaintiff, either defendant Police Officer Tamika Grossett or Police Officer Jane Doe # 1 handcuffed plaintiff and placed her in a police RMP.

44. Defendant Police Officers Tamika Grossett and defendant Police Officer Jane Doe # 1 transported plaintiff to the 49th Precinct stationhouse.

45. The defendant Police Officers never advised plaintiff of her mother's physical condition.

46. Plaintiff Rebecca Ocasio was placed in a holding cell for approximately two (2) hours and then was given a summons and released from police custody.

47. The individually named defendant police officers lied to the Bronx County District Attorney's Office on the summons about the facts that gave rise to plaintiff's arrest.

48. Defendant Police Officer Adan Rosa initiated the prosecution against plaintiff when he issued and signed the criminal court summons that he knew contained false statements.

49. The individually named police officer defendants charged plaintiff with Disorderly Conduct, despite the fact that they lacked probable cause to charge plaintiff with that crime.

50. The underlying criminal case terminated in plaintiff's favor and all charges against plaintiff were dismissed on March 5, 2010.

51. The excessive force used against plaintiff by defendant Police Officer Adan Rosa caused bruising to plaintiff's face, soreness in her arm, a bubble on her nose, and heart problems.

52. After being released from police custody, plaintiff sought medical treatment at Albert Einstein Hospital and was admitted to the hospital for approximately twenty-four (24) hours.

53. The false arrest, false imprisonment, and malicious prosecution of plaintiff by the individually named police officer defendants caused plaintiff to sustain psychological and

- 8 -

emotional trauma. Moreover, the excessive force used by defendants, the assault and battery, by the individually named police officer defendants caused plaintiff to sustain psychological and emotional trauma.

54. A notice of claim was timely served on the Comptroller of the City of New York and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment and Fourteenth Amendment Rights

55. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 54 with the same force and effect as if more fully set forth at length herein.

56. The individually named police officer defendants were acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause in violation of plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

### False Arrest and False Imprisonment

57. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 56 with the same force and effect as if more fully set forth at length herein.

58. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York and under the Fourth Amendment to the United States Constitution. Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

59. The individually named police officer defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

60. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

61. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## THIRD CAUSE OF ACTION

### Malicious Prosecution

62. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 61 with the same force and effect as if more fully set forth at length herein.

63. The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the United States Constitution.

64. Defendants commenced and continued a criminal proceeding against plaintiff.

65. There was actual malice and an absence of probable cause for the criminal proceeding against plaintiff and for each of the charges for which he was prosecuted.

66. The prosecution and criminal proceedings terminated favorably to plaintiff on March 5, 2010.

67. Plaintiff was subjected to a post-arraignment deprivation of liberty sufficient to implicate plaintiff's Fourth Amendment rights.

68. The individually named police officer defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

69. The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

70. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## FOURTH CAUSE OF ACTION

## Violation of Plaintiff's Fourth And Fourteenth Amendment Rights

71. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 70 with the same force and effect as if more fully set forth at length herein.

72. The use of excessive force by defendant Police Officer Adan Rosa in taking plaintiff to the ground was an objectively unreasonable physical seizure of plaintiff in violation of her rights under the Fourth Amendment to the Constitution of the United States and to be free

of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## FIFTH CAUSE OF ACTION

### Assault

73. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 72 with the same force and effect as if more fully set forth at length herein.

74. Defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff in that he had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff, and that such acts caused apprehension of such contact in the plaintiff.

75. Defendants were at all times agents, servants, and employees acting within the scope of his employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

76. The City, as the employer of defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

77. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SIXTH CAUSE OF ACTION

### Battery

78. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 77 with the same force and effect as if more fully set forth at length herein.

79. Defendants, their agents, servants and employees, acting within the scope of his employment, intentionally, willfully and maliciously battered plaintiff, when they, in a hostile and/or offensive manner struck plaintiff without his consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

80. Defendants were at all times agents, servants, and employees acting within the scope of his employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

81. The City, as the employer of Defendants, is responsible for his wrongdoing under the doctrine of respondeat superior.

82. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SEVENTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

83. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 82 with the same force and effect as if more fully set forth at length herein.

84. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the individually

- 13 -

named police officer defendants, individuals who were unfit for the performance of police duties on January 3, 2010, at the aforementioned location.

85. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## EIGHTH CAUSE OF ACTION

### Failure to Intervene

86. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 85 with the same force and effect as if more fully set forth at length herein.

87. Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers when excessive force was used against her; she was falsely arrested, and maliciously prosecuted.

88. Defendants failed to intervene to prevent the unlawful conduct described herein.

89. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subject to other physical constraints.

90. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

91. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior

92. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## NINTH CAUSE OF ACTION

### Negligence

93. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 92 with the same force and effect as if more fully set forth at length herein.

94. Defendants owed a duty of care to plaintiff.

95. Defendants breached that duty of care by using excessive force, falsely arresting and maliciously prosecuting plaintiff.

96. As a direct and proximate cause of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

97. All of the foregoing occurred without any fault or provocation by plaintiff.

98. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

99. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## TENTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

100. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 99 with the same force and effect as if more fully set forth at length herein.

- 15 -

101. By the actions described herein, the individually named police officer defendants, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to plaintiff, Rebecca Ocasio. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York.

102. As a result of the foregoing, plaintiff was deprived of liberty and sustained great emotional injuries.

103. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

104. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## JURY DEMAND

105. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiff Rebecca Ocasio shall recover compensatory damages in the sum of $2,000,000 against the individual defendants and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

a. That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

b. That the plaintiff have such other and further relief as the Court shall deem just and proper.

Dated:   New York, New York
         January 12, 2011

By: _____
STUART E. JACOBS
DAVID M. HAZAN
JACOBS & HAZAN, LLP
Attorneys for Plaintiff
22 Cortlandt Street, 16th Floor
New York, NY 10007
(212) 419-0363